UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DANE BROWN, ET AL.,**<br>            **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-1960** |
| **VOLKSWAGEN GROUP OF AMERICA, INC.,**<br>            **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Volkswagen Group of America, Inc. ("Volkswagen").[1] Plaintiffs Joseph Dane Brown and Ashley Courtney Brown did not file an opposition.

## BACKGROUND

On September 19, 2025, Plaintiffs filed suit in the United States District Court for the Eastern District of Louisiana.[2] Plaintiffs allege they bought a 2024 Volkswagen Atlas from a dealership in Baton Rouge and that the vehicle was "defective in materials and workmanship."[3] Accordingly, Plaintiffs sue Defendant seeking recession of the sale and damages due to the alleged defects under the Magnuson-Moss Warranty Act and under Louisiana law for redhibition, breach of the express warranties, and breach of the implied warranties of the sale.[4]

---

[1] R. Doc. 6.
[2] R. Doc. 1.
[3] R. Doc. 1 at ¶¶ 6, 12.
[4] R. Doc. 1 at ¶¶ 16-50.

1

On October 17, 2025, Defendant filed the instant Motion to Dismiss.[5] It argues this Court is an improper venue for this action and that Plaintiffs fail to state a claim upon which relief can be granted.[6]

## LAW AND ANALYSIS

**I.     Venue is proper in the Middle District of Louisiana.**

The Court begins by determining whether this action was filed in the proper venue. Defendant argues that, because the alleged sale occurred in Baton Rouge, the action should have been filed in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391.[7] Section 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[8]

Section 1391(b)(1) does not establish venue in the Eastern District of Louisiana for this action because, according to Plaintiffs' allegations, Volkswagen is a resident of New Jersey and Virginia, and therefore no Defendant resides in Louisiana.[9] Venue is proper under Section 1391(b)(2) in the United States District Court for the Middle District of Louisiana because the sale of the vehicle, which constitutes "a substantial part of the events or

---

[5] R. Doc. 6.
[6] *Id.*
[7] R. Doc. 6-1 at pp. 6-8.
[8] 28 U.S.C. § 1391(b).
[9] R. Doc. 1 at ¶ 2.

2

omissions giving rise to the claim," occurred in Baton Rouge, Louisiana.[10] Baton Rouge is located within the Middle District of Louisiana.[11] Venue is not proper in the Eastern District of Louisiana under § 1391(b)(3) because that provision applies only "if there is no district in which an action may otherwise be brought."[12] As explained above, the Middle District of Louisiana is a proper venue under § 1391(b)(2); therefore, § 1391(b)(3) is inapplicable.[13] Accordingly, the Court finds that venue is proper in the Middle District of Louisiana and improper in the Eastern District of Louisiana.

## II. The Court transfers venue under 28 U.S.C. §§ 1406(a) and 1631.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed.[14]

---

[10] R. Doc. 1 at ¶ 6; *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995). The Court notes that, while Plaintiffs allege in their complaint that the car was purchased from Southpoint Volkswagen, they do not specify the dealership's location. R. Doc. 1 at ¶ 6. In its motion to dismiss, Defendant cites Southpoint Volkswagen's website as evidence that the dealership is located in Baton Rouge, Louisiana. R. Doc. 6 at p.7 n.38. When considering a motion to dismiss, the Court is generally limited to reviewing (1) the facts set forth in the complaint, (2) documents attached to the compliant, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018). Federal Rule of Evidence 201(b) provides that "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy reasonably be questioned." FED. R. EVID. 201(b). The Court finds that Southpoint Volkswagen's official website is an authoritative source for the dealership's location, and that its accuracy cannot reasonably be questioned. *See United States v. Flores*, 730 Fed.App'x. 216, 219 n.1 (5th Cir. 2018); *Hours & Directions*, SOUTHPOINT VOLKSWAGEN, https://perma.cc/L7H2-E5WM. Accordingly, the Court takes judicial notice that Southpoint Volkswagen is located in Baton Rouge, Louisiana, and properly considers that location in ruling on the motion to dismiss.
[11] *Court Information*, U.S. DIST. CT. M. DIST. OF LA, https://perma.cc/7CWA-MWQL. For the same reasons stated in footnote 9, the Court takes judicial notice that the Middle District of Louisiana encompasses Baton Rouge, Louisiana. *See supra* note 10.
[12] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) ("[T]he third paragraph provides a fallback option."); *Smith*, 903 F. Supp. At 1021.
[13] *Atl. Marine Const. Co.*, 571 U.S. at 56; *Smith*, 903 F. Supp. At 1021.
[14] 28 U.S.C. § 1631.

Defendant moves to dismiss for lack of proper venue under §§ 1406(a).[15] However, the Court finds that a transfer is warranted in lieu of dismissal.

"Section 1406(a) 'requires a transfer'—rather than an outright dismissal—'when venue is improper but justice nonetheless weigh[s] in favor of transfer to a proper venue rather than dismissal.' . . . [T]he Court need not have personal jurisdiction over Defendant before transferring this case under Section 1406(a)."[16] The purpose of section 1406(a) is "'to remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits,' so that plaintiffs would not be penalized by 'time-consuming and justice-defeating technicalities.'"[17] Accordingly, "'[i]n most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.'"[18] The decision of whether to transfer venue under § 1406(a) is discretionary.[19]

Although Defendant requests dismissal of this action, the Court finds that transferring the case to the Middle District of Louisiana, rather than dismissing it, is in the interest of justice.[20] "[T]ransfer 'would be more efficient [and] economical' than dismissal because transfer would avoid the expense of refiling another lawsuit in the" Middle District of Louisiana.[21]

---

[15] R. Doc. 6-1 at p. 7.
[16] *Eng'g & Inspection Servs., LLC v. New Rise Renewables, Reno LLC*, No. 23-6844, 2024 WL 3374345, at *2 (E.D. La. July 10, 2024) (internal citations and alterations omitted) (first quoting *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 793 (5th Cir. 2021); then citing *Franco*, 3 F.4th at 793)).
[17] *Franco*, 3 F.4th at 793 (internal quotations and alterations omitted) (citing *Goldlawr v. Heiman*, 369 U.S. 463 (1962)).
[18] *Eng'g & Inspection Servs.*, 2024 WL 337434514, at *3 (quoting WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed. 2021)).
[19] *Id.* (quoting WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed. 2021)).
[20] R. Doc. 6-1 at p. 7.
[21] *Eng'g & Inspection Servs.*, 2024 WL 3374345, at *3 (quoting WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed. 2021)).

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **TRANSFERRED** to the **MIDDLE DISTRICT OF LOUISIANA**.

New Orleans, Louisiana, this 5th day of November, 2025.

                                      **SUSIE MORGAN**
                          **UNITED STATES DISTRICT JUDGE**